May it please the court, Diane Hare You can wait for just, let counsel get a chance to get down so he can write notes fast while you give him the business. Go ahead. Thank you your honor. Diane Hare with the Federal Defenders of Eastern Washington and Idaho on behalf of Mr. Arredondo. The issue before the court today is whether the seizure of a vehicle traveling on a highway was unlawful when the police were conducting surveillance to follow this car that didn't behave exactly as they anticipated when they initially received what was first classified as an anonymous tip, that someone would travel to a specific location, a 7-11, and pick up an individual, Mr. Arredondo. The police were in a position to observe the 7-11, the individual was not picked up at the 7-11 and they observed that he was not picked up at the 7-11. And then the question becomes, and it's our contention, that at that point in time, whatever reasonable suspicion that the police may have had as a result of the information they received, then no longer, it dissipated. The informant was right about a number of things. The make of the car? Correct. The color of the car? Correct. The license plate of the car? Correct. And who would be driving? That's right your honor. And from what avenue they came? No. And where they were going to go? The information was from a general location in Yakima to a specific location in Toppenish, Washington. Where it went? And it did go to that specific location, but it did not then do Your point being that at that point, the police have to quit. I mean, even though they've got A, B, C, D, E, F, and G, the fact that H isn't there and then I is, that somehow the fact that they skipped H, you're out. What's your best case for that? With respect to the best case, your honor, I think the cases that were cited in the brief and dealing with the issue, for example, all of the cases, Illinois v. Gates, Draper, Florida v. Royer, stands for the proposition that what the police have to do is provide the most, the least interference in order to confirm or deny the police officer's suspicion. The least intrusive means. Is it important here whether this informant was anonymous or not? It is, your honor, in the sense it is, except Did the judge find the informant anonymous? Well, curiously, I think if the court reviews the order from the court where he said I think my question's pretty easy. Do you believe the district judge found the informant anonymous? Yes or no? The district court treated the individual as a confidential informant, but then also But not an anonymous one? But then when he ordered, we objected and asked for the identity of the informant in order to assess the reliability of that individual, and the court never entertained that issue, including I guess my reason to ask that question is I'm trying to find the appropriate case to compare it to. If you're looking You've all cited a lot of appropriate cases, but the one I found most appropriate is White v. Alabama. White v. Alabama, it seems to me that in that particular situation, the informant shown to be right about some things. He was right about quite a few things, not right about everything, but including that the object of the tip was engaged in criminal activity. Not altogether right, not every detail, but most verified. And if I go with White v. Alabama, you lose. Your Honor, I believe that under United States v. Thomas, the Ninth Circuit case subsequent to White v. Alabama, we win. When you look at an FBI tip, if an FBI tip isn't good enough, when you then follow up on the tip and watch innocent activity, and that's not good enough, I submit to the court that here, when you watch that car drive away without the individual that you're hoping to find in the car, you can continue to follow the car, but as Agent Pierre Galini testified, at that point it becomes surveillance, and you're looking for reasonable suspicion. And what do you see? You see a car. You're not sure whether or not anybody has picked up a mile down the road. You see the door open and close, and there are other things that could happen. You follow the car for 20-some miles with three officers who know who Mr. Arradondo is. Wait a second, but the door did open and close. Yes. That was observed. Correct. So if I'm in my car and I open and close the passenger door to get something that I've driven down there, at a house that I'm at, you're the police. You don't know what house it is. You don't know who's in that house, much less whether or not it's Mr. Arradondo or an innocent person who under the Fourth Amendment has a reasonable expectation of privacy in an automobile driven on a road in Washington State. Is the actual, I guess, standard of review here the totality of the information that there was sufficient indicia of reliability? Isn't that the ultimate standard of review which this court should give? Reliability of the information is one standard that has been articulated by the Supreme Court in Illinois v. Gates. But also the reliability of the information is always an issue, and one of the things that you're supposed to tell a magistrate when you get information from a confidential informant is whether or not that individual has criminal history that might make a magistrate judge doubt the veracity of the individual. Here the government conceded on the record that this officer could not tell the criminal history of the informant. The judge, in attempting to apply that standard, didn't ask for the identity of the informant or his criminal history. Let me ask you a question. As I relate to the district court now making this decision, what parts of his decision must I review for clear error? When you review facts determined by the court, you must review them for clear error. If I determine facts, okay, what facts are you disputing here? That Mr. Arradondo had a due process right to confront the evidence relied upon by the police and the court. Is that a fact? That is a fact, and I'm going to give clear error to the district court. In the court's order, the fact is that he requested the government to produce information, and the information that they produced could not lead to discernment of the facts necessary to assess for the liability of the witness. Do you want to move to your motion to compel? With respect to the motion to compel, we sought the identity of the confidential informant or tipster originally described as a tipster, and it was necessary. There was a very recent unpublished Ninth Circuit opinion on January 25th of 2010 where the government conceded. Before you get to the merits discussion, did you develop that argument in your opening brief? I did, yes. I mentioned the need for the confidential informant. It was replied to in the red brief by the government and then also addressed in the reply brief. Well, I guess I'm like my colleague. I wondered if we'd even have an argument about that because I surveyed your opening brief. I couldn't find any authority in there for that issue, and so therefore I wondered if it wasn't over under independent Towers of Washington versus Washington. I understand the government's response to the brief to and not indicating that it had been waived to maintain that the issue was present on appeal. You weren't relying on the government to bail you out. I think I did mention in my opening brief also that the confidential informant information was necessary, and in the trial court I argued that we needed that information, which is part of the record on appeal. Specifically, when the court was again denying our motion, I asked again for in-camera review. The court ordered in-camera review, but then that order, which is at 1 and 2, I believe in the motion. Well, in any event, there's no requirement other than in a Terry Stop situation for the court to grant you the identity of the informant, correct? What we have to establish in order to get the identity of the informant is that there's a need for it. Since the totality of the circumstance analysis- Other than a Terry Stop situation. I apologize. Other than a Terry Stop defense or argument. Right. Under Ravario, we need to show a need for the information, and it's our contention that the information is necessary to complete the totality of the circumstance analysis. Thank you. And I'd like to reserve the balance of my time if I may. Good morning. May it please the Court. Tom Hamlin, appearing for the United States. Counsel, since we're on the second point, should we consider the motion to compel Waive? I believe so, Your Honor. The issue wasn't raised in the opening brief, and the government hasn't had an opportunity to fully brief the issue, including the standard of review, because that issue wasn't raised in the opening brief. Well, she's saying that you answered and, therefore, that she could reply. I believe that in my brief I was trying to point out the issue that that wasn't raised because they were addressing an issue regarding the confidential informants, so I put that in as well for the Court to be aware of. It's the government's position here that the law enforcement officers had reasonable suspicion, based upon specific facts taken together with rational inferences, that a wanted fugitive was inside of the vehicle in question. Here, as the Court is aware, the officer, Officer Broadwald. Yes, Your Honor. I appreciate your going on, and I'm late to the party, but are there not any, if you will, exceptions to the general rule of waiver, which would apply here? Regarding the issue? Is this a rule of law? Are we really looking at a question of law in this particular instance, or is it a fact determination? I believe it's a fact determination, looking at the totality of the circumstances, and I believe both parties agree that that is the proper approach, is to look at the totality of the circumstances here. But we're talking about the second issue. Oh, I'm sorry. I thought you were talking about the traffic. No, the second issue, the motion to compel. Are we, and the government's objection, are we looking at a discretionary fact situation, or is this a question of law? Well, the appropriate standard of review would be abuse of discretion in that matter, whether there was an error made by the district court regarding the compulsion of the confidential informant. I believe what Judge Smith, I think what Judge Smith is asking you about, isn't waiver a discretionary doctrine? I believe it is, Your Honor, yes. So there are circumstances in which we can overlook waiver, correct? I believe that's correct, Your Honor. And one of the circumstances is where it presents a purely legal issue. That's one. That's correct, Your Honor. In fact, one of your colleagues was in here yesterday arguing that very argument, because the defense in that case was asserting waiver against the government. Certainly. And I take it the rule is something other than when the government urges waiver, the court should accept it, but when a defendant urges waiver, we shouldn't. I believe it should apply equally, Your Honor. So why shouldn't we just consider the issue? I think the court can consider the issue, but the issue was never raised in the opening brief, and the government never had an opportunity to address specific issues regarding that issue, including the standard of review. What's your argument on the merits if we get to it on that issue? I believe based on Rivero, the Supreme Court has recognized that there is an informant privilege, and I'd point to United States v. Roland, which was a case cited in my brief, where in that case counsel made a similar argument that was raised here, advising the court that they wanted information, a disclosure of the confidential informant to look into their background. The court in that case found that it was essentially mere speculation, and they had not made a showing or a real need for the disclosure of the confidential informant, and I would submit that that analysis is similar here. Counsel never made a showing of a real need for the confidential informant. Rather, counsel wanted to go on a fishing expedition to look into the informant's background to determine if potentially there was bias. There was no showing of any information which would support that argument. It sounds like the government is confident of its position on the merits. That is correct, Your Honor. Okay. Thank you. Going back to the traffic stop, it's the government's position that the officers did have reasonable suspicion based upon specific facts taken together with rational inferences. Why don't you focus in on the record, what the record will tell us about the point at which the door opened and closed. The record would tell us that law enforcement officers, just to take a step back just for a moment, they confirmed all the information provided by the confidential informant. The vehicle then left the 7-Eleven. The law enforcement officers observed that at the 7-Eleven, whether it had any bearing or not, there was heavy construction outside and the roads were closed going into the 7-Eleven other than an alleyway. The vehicle then left. The law enforcement officers attempted to follow it. They then found the vehicle less than one mile away from the 7-Eleven, not parked in a driveway but parked on a public street. The law enforcement officers, specifically Agent Foreman from two blocks away at night with binoculars, was able to see the passenger side door open and the passenger side door close. Special Agent Pergolini was able to follow the vehicle and he observed. But at that point, precisely, is that it? Just as we saw the door open and close, anything else? That's correct, Your Honor. He saw the door open. Time, the duration, and nothing? That's correct, Your Honor. He saw the door open and shut. He couldn't tell if anyone got in or got out. But all the officers were aware that there was only one person inside of the vehicle the entire time it traveled from Yakima to Toppenish. Once the door opened and the door shut, Agent Pergolini observed that there were now two people inside of the vehicle. Exactly. And that corroborates. There is a very critical additional fact that in addition to the door opening and closing, now there is a second person in the car. That is correct, Your Honor. And Agent Pergolini testified to that fact at the suppression hearing. I would also point out, and I believe that the court has counseled a number of questions looking at the information that was provided by the confidential informant, but I would just like to highlight a number of facts that were provided by the confidential informant that were corroborated. The confidential informant advised that he was. I think we're aware of those. We went through them with your opponent. The CI was right about everything except the 7-11, right? That is correct, Your Honor. The CI was correct about everything, and that's the point I wanted to emphasize. Lastly, there was an issue raised by Judge Smith regarding Alabama v. White. I believe that is an appropriate case to look at here, but I would argue that our case is actually stronger than the facts in Alabama v. White because in our case the officer Gronewald testified at the suppression hearing that this informant had a track record of reliability, that this informant had previously assisted in the apprehension of 10 fugitives. Yes, Your Honor. How is that ever challenged by a defendant as an academic proposition if they don't know the name? So all the government has to say is we have a confidential informant. He's very reliable. He's given us reports on 10 different occasions, blah, blah, blah, and blah, blah, blah, and the defendant has no way of verifying that. The defendant has no way of even knowing the name of the informant. How does a defendant challenge the government? Well, I think that they could be difficult to challenge that assertion by an officer, but it is a witness that's testifying under oath to tell the truth, and the witness is identifying. It's almost automatic, isn't it? I mean, a defendant is stripped of any due process right to contest that aspect of the declaration. I think it would be, I believe it would be difficult to challenge, but I believe this Court in Buffington recognized that the due process right at a suppression hearing is less than a due process right at trial. The Court has indicated they are aware already of all the facts provided by the confidential informant. Unless the Court has additional questions for me, I would step down at this time. Thank you. Thank you. Thank you. I would cite the Court to my brief at page 21, where I indicated that the district court erred in failing to produce the confident, the information regarding the confidential informant and the reliability of the confidential informant as a factor in determining whether the police were acting reasonably. The government's response and ability to proceed on the cases cited by the government to ask the Court not to consider that issue waived. I would cite also... Okay. Thank you. I think your time has finished. Thank you, Your Honor. Thank you very much. Case 09-30257, United States of America v. Jose Alfredo Arredondo is submitted.
judges: Lucero, Hawkins, Smith N. R.